FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

DMJ:CNC/JPD
F.#2010R01603/OCDETF # NY-NYE-0686      FEB 03 2011   ★

2-1/4/11

UNITED STATES DISTRICT COURT       LONG ISLAND OFFICE
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

DOMINICK CURATOLA,
GERMAN CHAJCHIC,
MICHAEL DECRESENZO,
JOSE ALEJANDRO CASTILLO-MEDINA,
STEVEN MARTIN,
KERRY IASPARRA,

BRIAN SULLIVAN,
GREGORY BALLIN,
ERIC PREIMER,
MICHAEL BRADLEY and
JOSEPH CAMPO,

         Defendants.

- - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 10 CR 991 (S-1)(JS)
(T. 21, U.S.C., §§
841(a)(1),
841(b)(1)(B)(vii),
841(b)(1)(D), 846,
853(a), 853(p), 952(a),
960(a)(1), 960(b)(3),
960(b)(4) and 963;
T. 18, U.S.C., §§ 2
and 3551 et seq.)

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy To Distribute Marijuana)

      1.   On or about and between March 1, 2010 and November

16, 2010, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendants

DOMINICK CURATOLA, GERMAN CHAJCHIC, MICHAEL DECRESENZO, JOSE

ALEJANDRO CASTILLO-MEDINA, STEVEN MARTIN, KERRY IASPARRA,

, BRIAN SULLIVAN, GREGORY BALLIN, ERIC PREIMER, MICHAEL

BRADLEY and JOSEPH CAMPO, together with others, did knowingly and

intentionally conspire to distribute and possess with intent to

distribute a controlled substance, which offense involved 100

46

kilograms or more of a substance containing marijuana, a Schedule
I controlled substance, contrary to Title 21, United States Code,
Section 841(a)(1).

     (Title 21, United States Code, Sections 846 and
841(b)(1)(B)(vii); Title 18, United States Code, Sections 3551 <u>et
seq</u>.)

### COUNT TWO
(Conspiracy to Import Marijuana)

    2.   In or about and between June 2010 and November
16, 2010, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
DOMINICK CURATOLA and GERMAN CHAJCHIC, together with others, did
knowingly and intentionally conspire to import a controlled
substance into the United States from a place outside thereof,
which offense involved a substance containing marijuana, a
Schedule I controlled substance, contrary to Title 21, United
States Code, Section 952(a).

     (Title 21, United States Code, Sections 963, 960(a)(1)
and 960(b)(3); Title 18, United States Code, Sections 3551 <u>et
seq</u>.)

### COUNT THREE
(Distribution and Possession of Marijuana
with Intent to Distribute)

    3.   On or about May 13, 2010, within the Eastern
District of New York, the defendants DOMINICK CURATOLA and
  did knowingly and intentionally distribute and possess

with intent to distribute a controlled substance, which offense
involved a substance containing marijuana, a Schedule I
controlled substance.

   (Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551
et seq.)

COUNT FOUR
(Distribution and Possession of Marijuana
with Intent to Distribute)

   4. On or about May 15, 2010, within the Eastern
District of New York and elsewhere, the defendants DOMINICK
CURATOLA, MICHAEL DECRESENZO, STEVEN MARTIN and KERRY IASPARRA
did knowingly and intentionally distribute and possess with
intent to distribute a controlled substance, which offense
involved a substance containing marijuana, a Schedule I
controlled substance.

   (Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551
et seq.)

COUNT FIVE
(Distribution and Possession of Marijuana
with Intent to Distribute)

   5. On or about May 23, 2010, within the Eastern
District of New York, the defendants DOMINICK CURATOLA and JOSEPH
CAMPO did knowingly and intentionally distribute and possess with
intent to distribute a controlled substance, which offense

involved a substance containing marijuana, a Schedule I
controlled substance.

       (Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551
<u>et</u> <u>seq</u>.)

**COUNT SIX** ✓
**(Distribution and Possession of Marijuana
with Intent to Distribute)**

      6.   On or about May 27, 2010, within the Eastern
District of New York and elsewhere, the defendants DOMINICK
CURATOLA, MICHAEL DECRESENZO, STEVEN MARTIN and KERRY IASPARRA
did knowingly and intentionally distribute and possess with
intent to distribute a controlled substance, which offense
involved a substance containing marijuana, a Schedule I
controlled substance.

       (Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551
<u>et</u> <u>seq</u>.)

**COUNT SEVEN** ✓
**(Distribution and Possession of Marijuana
with Intent to Distribute)**

      7.   On or about June 22, 2010, within the Eastern
District of New York, the defendants DOMINICK CURATOLA, MICHAEL
DECRESENZO and BRIAN SULLIVAN did knowingly and intentionally
distribute and possess with intent to distribute a controlled

substance, which offense involved a substance containing
marijuana, a Schedule I controlled substance.

      (Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551
<u>et</u> <u>seq.</u>)

## COUNT EIGHT
(Distribution and Possession of Marijuana
with Intent to Distribute)

      8.  On or about June 24, 2010, within the Eastern
District of New York, the defendant ERIC PREIMER, together with
others, did knowingly and intentionally distribute and possess
with intent to distribute a controlled substance, which offense
involved a substance containing marijuana, a Schedule I
controlled substance.

      (Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551
<u>et</u> <u>seq.</u>)

## COUNT NINE
(Importation of Marijuana)

      9.  On or about August 10, 2010, within the Eastern
District of New York and elsewhere, the defendant DOMINICK
CURATOLA, together with others, did knowingly and intentionally
import a controlled substance into the United States from a place

outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TEN
### (Distribution and Possession of Marijuana with Intent to Distribute)

10.  On or about August 10, 2010, within the Eastern District of New York, the defendants DOMINIC CURATOLA and MICHAEL BRADLEY did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT ELEVEN
### (Distribution and Possession of Marijuana with Intent to Distribute)

11.  On or about August 11, 2010, within the Eastern District of New York and elsewhere, the defendants DOMINIC CURATOLA and STEVEN MARTIN, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a

substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 <u>et seq</u>.)

COUNT TWELVE
(Importation of Marijuana)

12.  On or about November 4, 2010, within the Eastern District of New York and elsewhere, the defendant DOMINICK CURATOLA, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(4); Title 18, United States Code, Sections 2 and 3551 <u>et seq</u>.)

COUNT THIRTEEN
(Distribution and Possession of Marijuana
with Intent to Distribute)

13.  On or about November 4, 2010, within the Eastern District of New York, the defendant DOMINICK CURATOLA, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which

offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOURTEEN
### (Possession of Marijuana with Intent to Distribute)

14. On or about November 16, 2010, within the Eastern District of New York, the defendant GREGORY BALLIN did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

15. The United States hereby gives notice to the defendants that, upon conviction of any of the offenses charged in this Superseding Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any

manner or part, to commit, or to facilitate the commission of such offenses.

16.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

10

other property of such defendants up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and

853(p))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

*No:*   *10-CR-991 (S-1) (JS)*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

DOMINICK CURATOLA, GERMAN CHAJCHIC, MICHAEL DECRESENZO,
JOSE ALEJANDRO CASTILLO-MEDINA, STEVEN MARTIN, KERRY IASPARRA,
JEROME SCELZA, BRIAN SULLIVAN, GREGORY BALLIN, ERIC PREIMER,
MICHAEL BRADLEY, AND JOSEPH CAMPO,

Defendants.

## INDICTMENT

(T. 21, U.S.C., §§ 841 (a) (1), 841 (b) (1) (B) (vii), 841 (b) (1) (D), 846, 853 (a), 853 (p),
952 (a), 960 (a) (1), 960 (b) (3), 960 (b) (4) and 963; T. 18, U.S.C., §§ 2 and 3551 et seq.)

*A true bill.*

_____ Susan Stursberg _____

*Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 19* _____

_____

*Clerk*

*Bail, $* _____

_____

CARRIE N. CAPWELL, AUSA, (631) 715-7836