## ALAN M. NELSON

#### ATTORNEY AT LAW

3000 MARCUS AVENUE, SUITE 1E5
LAKE SUCCESS, NEW YORK 11042
TELEPHONE: (516) 328-6200
FAX: (516) 328-6354
E-mail: anelsonlaw@aol.com

NEW YORK OFFICE:
111 JOHN STREET
SUITE 640
NEW YORK, NY 10038

February 21, 2011

BY U.S. MAIL & ECF
United States Attorney's Office
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722

Attn: AUSA Carrie Capwell

Re: United States v. Dominic Cratola, et al.
Including: Michael Bradley
Cr 10-991 (JS)

Dear. Ms. Capwell:

On behalf of my client Michael Bradley and in accordance with Local Rule 3, Rule 16, F.R.C.P., the constitutional requirements under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976), I ask the government to furnish or permit discovery, inspection and the right to copy the following:

1. Any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government. This request calls for discovery of written or recorded statements and recordings of defendant's conversations by any means of mechanical recording or electronic surveillance, whether made before or after arrest and/or indictment and whether or not in response to interrogation. This term "statements" includes the "substantially verbatim" as well as the "mere summary" and encompasses defendant's statements whether before or after arrest and in whatever form preserved. This request also calls for discovery of the time, place and circumstances of such statements.

2. A copy of any FD-395 or other waiver of rights form that was signed by Michael Bradley or copy of the form that any Government agent alleges was read to Mr. Bradley.

3. The substance of any oral statement made by the defendant, whether before or after arrest (a) during a conversation with any person who in fact was a government agent or informer or who is now a government witness, or (b) in response to interrogation by any person then known to defendant to be a government agent. This request is designed to reach those statements by defendant which have not been preserved in

AUSA Carrie Capwell
February 21, 2011
Page 2

any writing or recording.  This request also calls for discovery of the time, place and circumstances of such statements.

4.      Any recorded testimony of defendant, co-defendant, co-conspirator or unindicted co-conspirator or before a governmental agency, entity or instrumentality or before a grand jury, state or federal.

5.      Defendant's prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the government.

6.      Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are material to the preparation of the defense.  This request includes but is not limited to any books, papers, documents, photographs or other tangible objects, or copies thereof, which came into the possession, custody or control of the prosecution by subpoena, seizure or request directed to **any person whom the prosecution intends to call as a witness at trial**.  This request also specifically includes but is not limited to any books, records or other documentation within the possession, custody or control of the government having to do with financial or business activity or any witness the prosecution intends to call at trial.

7.      Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government and which are intended for use by the government as evidence at the trial.  Specific attention is called to any employee, policy or procedural manuals, circulars, advisories, internal memorandum with respect to the management or governance of any federal regulatory agent or agency.

8.      Any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the government and which were obtained from or belong to the defendant, or any co-defendant, or co-conspirator, whether indicted or unindicted, which the government intends to utilize as evidence at trial.

9.      Any books, papers, documents, photographs, tangible objects, buildings or places, or copies thereof, which are within the possession, custody or control of the government that (a) are referred to in the indictment; (b) related to any statement of fact in the indictment; © constitute the fruits or means of perpetrating any of the offenses set forth in the indictment; or (d) were presented to the grand jury in its investigation of the criminal offenses referred to in the indictment.

AUSA Carrie Capwell
February 21, 2011
Page 3

10.     All results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to any attorney for the government and which are either (a) material to the preparation of the defense or (b) are intended for use by the government as evidence-in-chief at the trial.

11.     All charts, summaries or calculations reflecting the contents of voluminous writings which are either (a) material to the preparation of the defense or (b) for use by the government as evidence-in-chief at the trial.

12.     A written list of the names, addresses and qualifications of all experts the government intends to call as witnesses at trial, together with all reports made by such experts or, if reports have not been made, a brief description of the opinion and subject matter of the opinion to which each is to testify.

13.     Any documents reflecting or relating to any wire communications or oral communications intercepted by the government to which defendant was a party to during which defendant was present, or which were obtained by interceptions directed against the defendant, co-defendant or co-conspirator or to which any witness the prosecution intends to call at trial was a party, whether or not such interceptions were authorized or lawful.  The terms "wire communications", and "interception" are used here as defined in Title III.  This request includes, on-party "consent" aural acquisitions.  The request includes, without limitation, logs, transcripts and tapes of the intercepted communications, a list of all communications to which defendant has been identified as a party, all applications to the Court and orders of the Court with respect thereto, all inventory orders, inventories and reports of service thereof and competent evidence of all the facts and circumstances concerning the authorization for the applications to intercept any wire communications involved in this case.

14.     The date, time and place of every occasion on which any surveillance, mail cover, search and/or seizure, whether electronic, photographic, mechanical, visual, aural or of any other type, was made of defendant, together with all documents, photographs, recordings, or other materials resulting from or reflecting or relating to such occasions.

15.     Any and all written or oral statements or utterances -- formal or informal-- made to the prosecution, its agents and representatives by any person which are in any way conceivably contrary to the testimony or expected testimony of that person or any other person whom the prosecution intends to call as a witness at trial or which otherwise reflects upon the credibility, competency, bias or motive of prosecution witnesses.

AUSA Carrie Capwell
February 21, 2011
Page 4

16.     All relevant statements, trial testimony, grand jury testimony, and handwritten or informal notes of interviews in the possession, custody or control of the government which were made by any person who is a witness or prospective witness in this case which was made or given either (a) prior to the time such person was a prospective witness in this case or (b) in connection with an investigation or proceeding other than this case.

17.     All statements required to be produced under 18 USC § 3500, including but not limited to handwritten and other information notices of interviews.  If any such statements or notes have been or are intended to be discarded or destroyed, please identify such statements and notices, in sufficient detail to permit a request to the Court for appropriate relief in advance of trial.  This demand includes notes of prosecutors, statements known by prosecutors, statements indicative of witness bias, notes of agents, police and informants.

18.     Please inform me, either by furnishing the pertinent documents or otherwise, of any and all evidence of criminal conduct -- state or federal -- on the part of any person whom the prosecution intends to call as a witness at trial of which the prosecution, its agents and representatives have become aware.  This request includes institutional disciplinary records, if such person was a federal or state inmate.

19.     Please inform me, either by furnishing the pertinent documents or otherwise, of any and all promises, understandings or agreements, formal or informal, between the prosecution, its agents and representatives and persons (including counsel for such persons) whom the government intends to call as witnesses at trial, together with copies of all documentation pertaining thereto.  This request includes, but is not limited to, such promises, understandings or agreements as may have been made in connection with other cases or investigation.  This request includes information concerning any payment of monies to any prospective witness.

20.     Please inform me, either by furnishing the pertinent documents or otherwise, of any and all evidence that any person who is a government witness or prospective government witness in this case is, or was suffering from any physical or mental disability or emotional or emotional disturbance, drug addiction or alcohol addiction at any time during the period of the indictment to the present.  This request includes records and reports of psychological or psychiatric testimony with respect to any such person who was an inmate of a federal or state prison or underwent such tests as a condition of entering the federal witness protection program.

21.     Any and all statements -- formal and informal, oral or written -- by the prosecution, its agents and representatives to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any government action -- state or federal, civil or criminal -- or immigration matters against the witness, or anyone related by immigration matters against the

AUSA Carrie Capwell
February 21, 2011
Page 5

witness, or anyone related by blood or marriage to the witness, or anyone associated in business with the witness, or any corporation, partnership, joint venture or other association employing the witness or in which the witness has an interest.

22.     A written list of the names and addresses of all persons whom the prosecution, its agents and representatives believe to have relevant knowledge and/or information with reference to the charges contained in the indictment but whom the prosecution does not propose to call as witnesses at trial, along with all statements of such persons made to government agents or the grand jury which pertain to the instant captioned defendant, any of his co-defendants, co-racketeers or co-conspirators.

23.     Set forth as precisely as possible the date, time and place of any utterances, statements or actions by the defendant upon which the prosecution intends to rely at trial in order to establish the offenses charged in the indictment.

24.     Identify by name and address all persons said to have been present at or to have personal knowledge of the utterances, statements or actions of the defendant upon which the prosecution intends to rely at trial to establish the offenses charged in the indictment.

25.     Please inform me of the names of any witnesses or prospective witnesses in this case who are or have been in the Witness Protection Program and furnish all documents pertaining to any offers by the government to any witness or prospective witness to enter the Witness Protection Program, and all psychological testimony, and polygraphing.

26.     A list of all documents used, obtained or written in connection with the investigation preceding the indictment that the government destroyed, for whatever reason, including but not limited to rough notes to interviews, reports, memoranda, subpoenaed documents and other documents.

27.     A written list of the names and addresses of all government witnesses which the attorney for the government intends to call in the presentation of its case-in-chief, together with any record of prior convictions of any such witnesses which is within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.

28.     Any statements or documents, including but not limited to grand jury testimony and federal, state and local tax returns made or executed by any potential government witness at the trial in this case which the government knows, or through reasonable diligence, should have reason to know is false.

AUSA Carrie Capwell
February 21, 2011
Page 6

29.     Please inform me of any statements reflecting, relating or referring to any discussion or conversations in which the government suggested that an individual might possibly be afforded more favorable treatment in any regard in the event such individual offered evidence against defendant.  This request includes a list of the date(s), time and place(s) of each such occurrence and the name(s) of the person(s), including counsel, who were present.

30.     A list of all persons (and their counsel) who were asked by the government or its representatives whether they or their clients would and/or could implicate the defendant in any criminal wrongdoing.

31.     Please inform me of all judicial proceedings in any criminal cases involving (as a witness, unindicted co-conspirator or defendant) any person who is a potential government witness at the trial in this action.

32.     Any and all actions, promises or efforts -- formal or informal -- on the part of the government, its agents and representatives to aid, assist or obtain benefits of any kind for any person whom the government considers a potential witness at trial, or a member of the immediate family of such witness, or for the corporation, partnership, unincorporated association, labor union or business employing such potential witness or in which the witness is an employee, director, shareholder, trustee, partner, member, agent or servant.  This request includes, but is not limited to:  (a) letters to anyone informing the recipient of the witness's corporation; (b) recommendations concerning federal aid or benefits; © recommendations concerning licensing, certification or registration; (d) promises to take affirmative action to help the status of the witness in a profession, business or employment or promises not to jeopardize such status; (e) aid or efforts in securing or maintaining the business or employment of a witness; (f) aid or effort concerning a new identity for the witness and his family, together with all other actions incidental thereto; (g) direct payments of money or subsidies to the witness; or (h) any other activities, efforts or promises similar in kind or related to the items listed in (a) through (g) above.

33.     Please inform me whether or not the government has used informants, undercover agents or any such entity or individual.  If so, provide the names of such individuals and a means by which such individual may be located.

34.     In addition to the information and material requested above, any documents, books, papers, photographs, scientific tests or experiments, tangible objects, written or recorded statements or anyone, grand jury transcripts and oral statements of anyone, reports, memoranda, names and addresses of persons, or other evidence or information which either tends to exculpate defendant or tends to be favorable or useful to the defense as to either guilt or punishment, or tends to affect the weight or credibility of the evidence to be presented against defendant, or which will lead to evidence favorable to or exculpatory of defendant which is within the

AUSA Carrie Capwell
February 21, 2011
Page 7

possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the attorney for the government.  This shall include any statements of any witness which conflicts with the government's theory of its case.

35.     All photographs, videotapes and/or motion pictures taken in connection with this case.

36.     Whether or not during the investigation of this matter, the defendant's photograph, likeness, image or voice recording was exhibited or played to anyone, not then employed by a law enforcement agency.  This includes providing a list of the date(s), time(s) and place(s) of each occurrence and the name(s) of the person(s), including counsel who were present.  This includes also providing a copy of any and all photographs, drawings, film, video, or audiotape exhibited or played either individually or as a part of a group.

37.     A copy of all writs, whether ad prosequendum or ad testificandum issued to procure the presence of the defendant in the Eastern District of New York.

38.     Disclosure of evidence of similar acts or of any and all crimes and/or acts the government may seek to use against the defendant pursuant to Federal Rule of Evidence 404(b). If so, provide details of any such acts, including but not limited to the time, date, location, persons present and substance of said acts.

39.     Please state whether or not during the course of the investigation of this matter, any foreign government, foreign police force, foreign intelligence agency or any other foreign agency participated, provided information, provided intelligence or in any other way assisted or furthered this investigation.  Please provide copies of all communications, aural, recorded and/or written between any above described foreign agency and the government.

## **BRADY DEMAND**

With respect to government witnesses, the following material is demanded:

1.     Any statements of the witness which conflict with the government's present theory of the case.

2.     Any promise of non-prosecution for any act or crime.

3.     Any agreements, or understandings by the prosecution to assist the witness.

AUSA Carrie Capwell
February 21, 2011
Page 8

    4.      The witness's rap sheet.

    5.      Any fact or allegation concerning criminal or other misconduct of the witness which is not reflected on his written rap record.

    6.      Any situation known to the prosecutor where the witness could be named as a defendant or co-conspirator, but has not as yet been charged.

    7.      Any materials reflecting possible motivation of such witness to cooperate with the prosecution.

    8.      Any demand, complaint or other request made to the government which could bear on the witness's bias in favor of the government.

    9.      Any other material bearing upon the witness's hopes or expectations (regardless of whether the witness in fact realized his expectation) for his cooperation with the government.

    10.     Any material bearing adversely on the witness's mental state.

    11.     Any report in which it is recited that persons other than the accused committed the crime or that the present theory of the government may be in error.

    12.     Pursuant to <u>United States v. Herberman</u>, 583 F.2d at 229, any exculpatory testimony given by grand jury witnesses whom the government does not plan to call as witnesses at trial (see, e.g. <u>United States v. Campagnuolo</u>, 592 F.2d at 852; Fnt 5).

    Each of these requests is of a continuing nature and calls for supplementation of any answer as soon as the government discovers additional evidence, information or material. In addition, each request in each paragraph of this letter is specifically sought in accordance with Fed. R. Crim. Pro. 16 and the constitutional requirements espoused in *Kyles v. Whitley*, __ U.S. __ ; 115 S.Ct. 1555 (1995), *U.S. v. Bagley*, 473 U.S. 667 (1985), *U.S. v. Agurs*, 427 U.S. 97 (1976), *Giglio v. U.S.*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and their progeny, as well as applicable rules of discovery. In my view, <u>Brady</u> material must be made available to the accused as soon as it becomes evident to the government that information or material in its possession falls within the ambit of the rule. If the government finds itself with <u>Brady</u> material, but feels that production can be delayed to trial or a point closer to trial, I expect you to advise me immediately so that the time for disclosure can be resolved by the Court.

AUSA Carrie Capwell
February 21, 2011
Page 9

     I request that you respond in writing to this letter as soon as possible and that your response take the following form.  As to each paragraph of this letter, state what types of disclosure are declined and the reasons therefore.  Furthermore, please state whether the government has material responsive to each request which it declines.  I hereby request that this letter be responded to as quickly and as efficiently as possible in order to avoid using it as the basis for motions in this case.  Extensive litigation and senseless resistance to the rights of the defendant in this case will unnecessarily prolong the litigation and divert valuable judicial resources from vital issues in this case.  I expect your office to be both reasonable and cooperative.

            Very truly yours,

            Alan M. Nelson, Esq.
            Attorney for Michael Bradley

cc:    Michael Bradley (U.S. Mail)
       Hon. Joanna Seybert (ECF)